RUSSELL LAWRENCE AND EVELYN LAWRENCE, D/B/A CAROLINA VINYL SIDING & CONSTRUCTION, PLAINTIFFS-APPELLEES v. WILLIAM S. WETHERINGTON AND WIFE, JULIA WETHERINGTON, DEFENDANTS-APPELLANTS

No. 913DC1080

(Filed 5 January 1993)

1. **Rules of Civil Procedure § 17 (NCI3d)— defendant's corporation — necessary party — ratification**

The trial court did not err by failing to grant defendant's motion for a directed verdict at the close of plaintiffs' evidence

and ultimately entering judgment against defendant after failing to join plaintiffs' corporation as a necessary party where the question of whether Carolina Vinyl Siding was a proper and necessary party was raised by the defendant at trial and the parties attempted to cure any necessary party defect by stipulating that plaintiffs' participation in this suit would be binding upon the corporation. Carolina Vinyl Siding became a party plaintiff by ratification. N.C.G.S. § 1A-1, Rule 17(a).

**Am Jur 2d, Parties §§ 236, 242.**

2. **Evidence and Witnesses § 741 (NCI4th) — dispute over vinyl siding — letter claiming installation proper — testimony that repairs would be free — not prejudicial**

There was no prejudicial error in an action arising from the installation of vinyl siding where a witness identifying a letter stating that the work had been done properly was also allowed to testify that, if she had the opportunity to go back, she would not have charged for repairs to the house.

**Am Jur 2d, Appeal and Error § 776; Witnesses § 747.**

3. **Damages § 120 (NCI4th) — vinyl siding installation — damages — evidence sufficient**

Defendant homeowner's motion for judgment notwithstanding the verdict was properly denied in an action arising from installation of vinyl siding on their home where defendant alleged that the jury misunderstood the court's instructions and miscalculated her damages, but there was evidence in the record to support the jury's finding of damages. It was for the jury to determine defendant's damages and the jury was not bound to use defendant's exact figures.

**Am Jur 2d, Damages §§ 989, 990.**

4. **Costs § 33 (NCI4th) — action to collect fee for vinyl siding installation — attorney fees — effect of blank space in agreement**

The trial court acted properly by awarding attorney fees to plaintiffs under N.C.G.S. § 6-21.2 in an action to collect fees for vinyl siding installation where there was a blank space in the agreement providing for payment of the costs of collection, including attorney fees. Although defendant alleges that the blank space in the agreement makes all of the terms which follow unenforceable, it is clear that the parties intended to

incorporate the balance due figure into the part of the contract left blank.

**Am Jur 2d, Contracts § 350; Costs § 52.**

**5. Judgments § 649 (NCI4th) — prejudgment interest — breach of contract — damages not obvious or easily ascertainable**

The trial court erred by awarding prejudgment interest to plaintiffs in a breach of contract action arising from the installation of vinyl siding where the damages were neither obvious nor easily ascertainable.

**Am Jur 2d, Interest and Usury § 339.**

Appeal by defendant from judgment entered 7 March 1991 in Craven County District Court by Judge David A. Leech. Heard in the Court of Appeals 18 November 1992.

On 1 November 1989, plaintiffs individually brought this action doing business as Carolina Vinyl Siding and Construction (hereinafter Carolina Vinyl Siding) against William S. Wetherington and wife, Julia Wetherington. On 30 November 1989, defendants filed an answer and counterclaim. On 14 December 1989, a reply to the counterclaim was filed and on 28 January 1991, the case came on for jury trial before Judge David A. Leech. At the close of the evidence, plaintiffs voluntarily dismissed their compliant as to defendant William S. Wetherington, and the defendants voluntarily dismissed their counterclaim. The jury returned a verdict allowing partial recovery by the plaintiffs against defendant Julia Wetherington. On 8 April 1991, defendant Julia Wetherington filed notice of appeal.

This action arose after plaintiffs completed some home improvement work to a home owned by defendant Julia S. Wetherington. The work included the installation of vinyl siding, the replacement of six windows, and the placing of shingles on the roof of a carport. The cost for this work was $1,800.00 for the windows, $7,500.00 for the vinyl siding, and $100.00 for the shingles on the carport, for a total of $9,400.00.

The plaintiffs offered testimony during trial which indicated that all of the installations were properly completed. Defendant offered her own testimony and the testimony of an expert witness, Jeffrey Vaughn, a general contractor, that there were deficiencies in the plaintiffs' installation of the windows and siding. Mr. Vaughn

testified that, upon initial inspection of the property, he estimated that it would cost $1,420.00 to correct the shortcomings. Mr. Vaughn also testified that upon a closer inspection, he had revised his opinion after determining that it would be necessary to remove all of the siding and replace it at a cost of $6,500.00. He also later estimated the cost of repair of the windows to be $1,500.00. Defendant contended at trial that payment for the work was not made because the windows and siding were improperly installed. Both sides agreed that no shingles were placed upon the carport because of the "unsafeness" of the structure.

The jury found that the parties had entered into a contract which, if fully performed, would entitle the plaintiffs to be paid $8,400.00 and that the plaintiffs had substantially performed their obligations arising out of the contract. The jury found that defendant was damaged in the amount of $1,320.00 by plaintiffs' failure to fully perform. For their substantial performance of the contract, the court entered judgment for the plaintiffs in the amount of $7,080.00. The court also added pre-judgment interest from the date of the breach to the date of the verdict in the amount of $880.60 and attorney fees of $1,062.00 (15% of the outstanding balance of $7,080.00).

*Barker & Dunn, by Donald J. Dunn, for plaintiff-appellees.*

*Henderson, Baxter & Alford, P.A., by B. Hunt Baxter, Jr., for defendant-appellant.*

WELLS, Judge.

[1] In her first assignment of error, defendant contends that the court erred in failing to grant defendant's motion for a directed verdict at the close of plaintiffs' evidence and ultimately entering judgment against defendant after failing to join a necessary party. The defendant asserts that plaintiffs' corporation is a necessary party to this case and no valid judgment could be entered against defendant arising out of a contract between the defendant and the corporation without the corporation being joined in the action.

In her pleadings, defendant did not raise the issue of necessary parties, but contends it was reversible error for the court not to join the corporation on its own motion. At trial, at the close of evidence, the question of whether Carolina Vinyl Siding was a proper and necessary party was raised by the defendant, and

**LAWRENCE v. WETHERINGTON**

[108 N.C. App. 543 (1993)]

the parties attempted to cure any "necessary party" defect by stipulating that the plaintiffs' participation in this suit would be binding upon the corporation. The transcript indicates the following stipulation:

> [PLAINTIFFS' ATTORNEY] We would like to stipulate now that Russell Lawrence and Evelyn Lawrence, whether they are a corporation or individual doing business as that, they would all be bound by the decision in this case and that includes whether it is a corporation called . . . 'Carolina Vinyl Siding and Home Improvements, Inc.,' or 'Carolina Siding, Inc.' or 'Russell Lawrence and Evelyn Lawrence doing business as Carolina Siding.'
>
> THE COURT: And the plaintiffs are representing that they are the only shareholders of either of those corporations, or were, and that they'd be entitled to—that no one else would be entitled on behalf of either of those corporations to bring such a claim.
>
> [PLAINTIFFS' ATTORNEY] I agree with that, Judge. We have no problem with that.
>
> [DEFENDANT'S ATTORNEY] Thank you, Judge. I believe she testified they were the sole officers and directors and shareholders of those corporations.

We hold that by the foregoing trial events Carolina Vinyl Siding became a party plaintiff to this action by ratification. *See* N.C.G.S. § 1A-1, Rule 17(a) of the Rules of Civil Procedure. Carolina Vinyl Siding's rights under the contract between it and defendant are therefore finally determined by the judgment below. We therefore deem it unnecessary to disturb the judgment below pursuant to this assignment of error.

[2] Defendant also assigns error to the trial court's admission over objection of the testimony of plaintiff Evelyn Lawrence. Defendant had called Ms. Lawrence as an adverse witness to identify a letter in which the witness wrote that plaintiffs' work was done properly and disputed Mr. Vaughn's assessment of the installation. During cross-examination, by plaintiffs' attorney, the following exchange took place:

> [PLAINTIFFS' ATTORNEY] Q. Now, Ms. Lawrence, if you had the opportunity to go back, would you charge the Wetheringtons

to correct repairs to the house with the exception of the removal of the vinyl and reattaching it.

[DEFENDANT'S ATTORNEY]: Objection.

A. No, sir.

THE COURT: OVERRULED.

Defendant asserts that this testimony contradicts the written letter in which Ms. Lawrence denied the existence of any problems with the siding installations and amounts to a self-serving declaration which should not have been submitted into evidence by the trial court. We find that any error in admitting the statement into evidence amounts to harmless error and does not constitute sufficient prejudice to justify overturning the jury's verdict.

[3] Defendant alleges that the trial court erred in denying defendant's motion for judgment notwithstanding the verdict and defendant's motion for a new trial on the grounds that the jury misunderstood its instructions. Defendant's expert witness presented testimony which calculated defendant's damages to be $1,420.00. The contract price for the unperformed roof repair was $100.00. The jury's verdict included a finding for damages to defendant in the amount of $1,320.00. The defendant asserts that the jury mistakenly subtracted the contract price of the unperformed roof repairs from defendant's damages rather than added the $100.00 contract price to defendant's damages. Defendant further asserts that the jury verdict should be overturned because there is insufficient evidence in the record to support it. We disagree.

While it is possible that the jury miscalculated its findings for damages, the defendant mistakenly asserts that the jury was obligated to use defendant's estimates of damages as conclusive evidence. While a miscalculation may seem apparent to defendant, it was for the jury to determine defendant's damages and the jury was not bound to use defendant's exact figures. It is not for this court to speculate as to what weight the jury gave particular evidence when arriving at its verdict, but rather to determine whether there was evidence before the jury from which its verdict could reasonably be derived. There is evidence in the record before us that supports the jury's finding of damages. Therefore, we affirm the trial court's denial of defendant's motion for judgment notwithstanding the verdict and a new trial.

LAWRENCE v. WETHERINGTON

[108 N.C. App. 543 (1993)]

[4] Defendant asserts that the court committed reversible error when it awarded plaintiff attorney fees under N.C.G.S. § 6-21.2. In pertinent part, § 6-21.2 reads as follows:

6-21.2. Attorneys' fees in notes, etc., in addition to interest.

Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:

. . . .

(2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the 'outstanding balance' owing on said note, contract or other evidence of indebtedness.

The written agreement in the case at bar states, in part:

The undersigned owner(s) agree(s) to pay Carolina Vinyl Inc. the sum of _____ in accordance with the terms shown to the right of this agreement for and in consideration of furnishing the materials for the construction of the work specified hereinabove by Carolina Vinyl Inc. . . . . The undersigned . . . agrees to pay all costs of collecting, or attempting to collect same including a reasonable attorney's fee.

To the right of the above agreement, the contract states, "Balance Payable $ 9,400.00."

Defendant alleges that the blank space in the agreement makes all of the terms that follow it unenforceable. We disagree. Taken as a whole, it is clear that the parties intended to incorporate the $9,400.00 balance due figure into that part of the contract left blank. Therefore, we find that the trial court acted properly when it awarded attorney fees to plaintiffs under N.C.G.S. § 6-21.2. Because the defendant did not object to the reasonableness of the awarded attorney fees, we need not reach that issue in this opinion.

[5]  In her last assignment of error, the defendant contends that the trial court committed reversible error when it awarded plaintiffs pre-judgment interest. We agree. As a general rule, in breach of contract cases, pre-judgment interest (from the date of breach) may be allowed only where the amount of the claim is obvious or ascertainable from the contract itself. *See Rose v. Materials Company*, 282 N.C. 643, 194 S.E.2d 521 (1973). Since the damages in this case were neither obvious nor easily ascertainable, but rather had to be determined by the trier of fact resolving the disputed value of the work, we hold that the trial court erred when it awarded pre-judgment interest to the plaintiff in this case. The judgment must be modified accordingly.

No error in the trial.

Remanded for modification of judgment.

Judges EAGLES and LEWIS concur.