BELL ATLANTIC TRICON LEASING CORPORATION, PLAINTIFF v. DRR, INC. D/B/A CAROLINA FLEET SERVICE AND MAYLON H. FOWLER, INC., DEFENDANTS

No. 9310DC495

(Filed 17 May 1994)

1. **Appeal and Error § 443 (NCI4th)— no assignment of error in record—not addressed on appeal**

An assignment of error in a brief which was not set out in the record on appeal was not addressed. N.C.R. App. P. 10(a).

**Am Jur 2d, Appeal and Error §§ 723 et seq.**

2. **Corporations §§ 111, 118 (NCI4th)— leasing of equipment— president and secretary of corporation—apparent authority**

The trial court properly granted plaintiff's motion for summary judgment in an action on a guaranty of an equipment lease where defendant Maylon H. Fowler, Inc. contended that Ricky and Dennis Fowler had not had the apparent authority to bind MHF in the guaranty and had acted outside the scope of MHF's ordinary business transactions and without express authorization from the Board of Directors, but Ricky Fowler was the president of MHF and was allowed to represent that he was responsible for the management and control of MHF; Dennis Fowler, by signing the secretary's certificate of the guaranty, represented that the MHF board of directors met and authorized the signing of the guaranty; and guarantying an affiliates's lease agreement does not put a party on notice that the officers of the corporation were acting outside the scope of their authority.

**Am Jur 2d, Corporations §§ 1534-1630.**

**Authority of officer or agent to bind corporation as guarantor or surety. 34 ALR2d 290.**

3. **Corporations §§ 102, 121 (NCI4th)— lease of equipment— estoppel and ratification by corporation**

The trial court did not err in an action to enforce a corporate guaranty of an equipment lease by granting plaintiff's motion for summary judgment despite defendant MHF's contention that it could not be bound by the guaranty on the basis of estoppel or ratification. MHF held out Ricky Fowler, who signed the guaranty, as president and thereby authorized him to bind the corporation and allowed other persons to rely on Ricky Fowler as having the authority to bind MHF, and should therefore be estopped from denying Ricky Fowler's authority to execute the guaranty. The leased equipment was in the possession of MHF and MHF made several payments on the lease, supporting plaintiff's position that MHF ratified the acts of its president and secretary.

**Am Jur 2d, Corporations §§ 1534-1630.**

**Authority of officer or agent to bind corporation as guarantor or surety. 34 ALR2d 290.**

BELL ATLANTIC TRICON LEASING CORP. v. DRR, INC.

[114 N.C. App. 771 (1994)]

Appeal by defendant Maylon H. Fowler, Inc. from order entered 12 February 1993 by Judge Joyce A. Hamilton in Wake County District Court. Heard in the Court of Appeals 10 February 1994.

*Smith Debnam Hibbert & Pahl, by Bettie Kelley Sousa and Byron L. Saintsing, for plaintiff-appellee.*

*Manning, Fulton & Skinner, P. A., by Howard E. Manning, Michael T. Medford and Alison R. Cayton, for defendant-appellant Maylon H. Fowler, Inc.*

JOHNSON, Judge.

Defendant corporation Maylon H. Fowler, Inc., (hereinafter, MHF), is a closely held corporation involved in the business of hauling sand, stone, and other similar materials. Christine M. Fowler is the primary stockholder and owns 236 of the 248 shares. Additionally, Mrs. Fowler is Chairperson of MHF's Board of Directors and was president of MHF until February 1990. The remainder of corporate ownership and control is vested in Mrs. Fowler's sons, Dennis, Ricky and Ronald Fowler. Ricky Fowler has been president of MHF since February 1990; Ronald Fowler has been the secretary of MHF since May 1991; and Dennis Fowler was the secretary of MHF from February 1990 to May 1991.

In July of 1990, soon after Dennis, Ricky and Ronald Fowler became officers of MHF, Dennis, Ricky and Ronald formed defendant corporation DRR, Inc., d/b/a Carolina Fleet Service (hereinafter, DRR). Soon after its incorporation, DRR, by its president, Dennis Fowler, executed an equipment lease in favor of plaintiff Bell Atlantic Tricon Leasing Corporation (hereinafter, Bell Atlantic) for computer hardware, software and printers. In order for DRR to obtain the equipment, Bell Atlantic required DRR to obtain a corporate guaranty. To comply with this requirement, Ricky Fowler, in his capacity as president of MHF, signed the guaranty. Additionally, Dennis Fowler, in his capacity as secretary of MHF, executed a secretary's certificate on the second page of the guaranty which stated that on 10 July 1990, MHF's Board of Directors entered into a corporate resolution authorizing the guaranty.

The computer equipment was delivered and DRR made the monthly rental payments on the equipment from November 1990 until April 1991. In May of 1991, DRR ceased operations. In August of 1991, MHF made two payments to plaintiff for the equipment, the total of which approximated five months of lease payments.

In January of 1992, after DRR defaulted on the lease agreement, plaintiff gave notice of default and notice of the acceleration of the lease payments to both DRR and MHF. Plaintiff then filed this action against DRR and MHF on 31 March 1992, alleging DRR defaulted in payments under the equipment lease and MHF defaulted on the corporate guaranty agreement.

Plaintiff filed a motion for summary judgment on 21 January 1993. The motion was heard before Judge Joyce A. Hamilton at the 12 February 1993 Civil Session of Wake County District Court, and Judge Hamilton granted summary judgment for plaintiff against both DRR and MHF. Defendant MHF gave notice of appeal to this Court.

[1] The first assignment of error in MHF's brief was not set out in the record on appeal. As Rule 10(a) of the North Carolina Rules of Appellate Procedure provides that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal . . ." we do not address the merits of MHF's first assignment of error.

[2] By MHF's next assignment of error, MHF argues that the trial court erred in granting plaintiff's motion for summary judgment because Ricky and Dennis Fowler did not have the apparent authority to bind MHF.

North Carolina General Statutes § 1A-1, Rule 56(c) (1990) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law."

A principal is liable upon a contract made by its agent with a third party in three instances: when the agent acts within the scope of his or her actual authority; when a contract, although unauthorized, has been ratified; or when the agent acts within the scope of his or her apparent authority. *Foote & Davies, Inc. v. Arnold Craven, Inc.*, 72 N.C. App. 591, 595, 324 S.E.2d 889, 892 (1985).

Apparent authority is that authority which the principal has held the agent out as possessing or which he has permitted the agent to represent that he possesses. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E.2d 795 (1974). "[T]he determination of a prin-

cipal's liability in any particular case must be determined by what authority the third person in the exercise of reasonable care was justified in believing that the principal had, under the circumstances conferred upon his agent." *Id.* at 31, 209 S.E.2d at ·799.

At the time the lease guaranty was executed, Ricky Fowler was the president of MHF and allowed to represent he was responsible for the management and control of MHF. The law of this state is clear as to the apparent authority of the president of a closely held corporation to enter into contracts for the corporation. The president of the corporation is the head and general agent of the corporation and may act for it in matters that are within the corporation's ordinary course of business or incidental to it. *Zimmerman*, 286 N.C. at 32, 209 S.E.2d at 800. Generally, when the president acts for the corporation with respect to matters outside the corporation's ordinary course of business, in the absence of express authorization for such acts by the board of directors, the corporation is not bound. *Id.* In order for a contract executed by the president to be binding on the corporation, "it must appear that (1) it was incidental to the business of the corporation; or (2) it was expressly authorized; and (3) it was properly executed." *Id.*

In the case *sub judice*, MHF argues that MHF should not be bound by the corporate guaranty because Ricky and Dennis Fowler acted outside the scope of MHF"'s ordinary business transactions and without express authorization from the Board of Directors. We disagree.

In the present case, the business of MHF was transporting goods for hire. As part of that business, MHF owned and operated a fleet of trucks. DRR was established as an affiliate of MHF to solely service MHF vehicles. We do not find that guarantying an affiliate's lease agreement should put a party on notice that the officers of the corporation were acting outside the scope of their authority. We believe that the actions of Ricky and Dennis Fowler could very well be viewed as "incidental" to the ordinary course of MHF"'s business. Additionally, we note that Dennis Fowler, by signing the secretary's certificate of the guaranty, represented that the MHF Board of Directors met on 10 July 1990 and authorized the signing of the guaranty. We find nothing which put plaintiff on notice that Ricky Fowler, as president of MHF, was exceeding the scope of his authority. Moreover, the general rule

that a person dealing with an agent must know the extent
of his authority does not apply when dealing with one who
is a general agent, as the president of a corporation. In such
a case the burden is upon the principal to show that the other
party had notice of a restriction upon the power of the general
agent.

*Zimmerman*, 286 N.C. at 33, 209 S.E.2d at 800 (citations omitted).
MHF has not carried this burden. Therefore, we find that plaintiff's
reliance on the apparent authority of Ricky Fowler and Dennis
Fowler as president and secretary of MHF was justified.

[3] By MHF's final argument, MHF contends that the trial court
erred in granting plaintiff's motion for summary judgment because
MHF cannot be bound by the terms of the guaranty on the basis
of estoppel or ratification.

Our Supreme Court has held that:

[a] corporation which, by its voluntary act, places an officer
or agent in such a position or situation that persons of ordinary
prudence, conversant with business usages and the nature of
the particular business, are justified in assuming that he has
authority to perform the act in question and deal with him
upon that assumption is estopped as against such persons from
denying the officer's or agent's authority.

*Moore v. W O O W, Inc.*, 253 N.C. 1, 6, 116 S.E.2d 186, 189 (1960).
By holding Ricky Fowler out as its president, MHF authorized
Ricky Fowler to contractually bind the corporation, and control
the management of the corporation. Additionally, MHF allowed
other persons to rely on Ricky Fowler as having the authority
to bind MHF. Therefore, MHF should be estopped from denying
Ricky Fowler's authority to execute the guaranty.

"Ratification is defined as 'the affirmance by a person of a
prior act which did not bind him but which was done or professedly
done on his account, whereby the act, as to some or all persons,
is given effect as if originally authorized by him.' " *American Travel
Corp. v. Central Carolina Bank*, 57 N.C. App. 437, 442, 291 S.E.2d
892, 895, *disc. review denied*, 306 N.C. 555, 294 S.E.2d 369 (1982).
"Ratification requires intent to ratify plus full knowledge of all
material facts." *Id.* (Citation omitted.) Ratification "may be express
or implied, and intent may be inferred from failure to repudiate
an unauthorized act . . . or from conduct on the part of the principal

which is inconsistent with any other position than intent to adopt the act." *Id.*

In the case *sub judice*, the facts indicate that the leased equipment was in the possession of MHF, and that MHF made several payments on the lease. These acts support plaintiff's position that MHF ratified the acts of its president and secretary. The acts are consistent with an intent to affirm and appear inconsistent with any other position.

We find that MHF is bound by the lease guaranty based upon apparent authority, estoppel and ratification. As such, we find that the trial court correctly granted plaintiff's motion for summary judgment. The decision of the trial court is affirmed.

Affirmed.

Judges EAGLES and LEWIS concur.