ACCELERATED FRAMING, INC., PLAINTIFF v. EAGLE RIDGE BUILDERS, INC., DEFENDANT

No. COA09-1399

(Filed 2 November 2010)

### 1. Parties— real party in interest—stipulation

The trial court had subject matter jurisdiction in a breach of contract case even though defendant contended that plaintiff was not the real party in interest since it did not sign the pertinent contract. The parties stipulated that plaintiff was a party to the contract, and it was binding since defendant never filed a motion to set aside the stipulation. Although defendant further contended that plaintiff could not sue since it was not authorized to do business in North Carolina, defendant failed to make a motion under N.C.G.S. § 55-15-02(a), thus waiving this argument.

### 2. Evidence— photographs—illustrative purposes—later considered as substantive evidence

The trial court did not err in a breach of contract case by relying on photographs as substantive evidence when they were originally admitted for illustrative purposes. The trial court could properly revisit its prior evidentiary ruling. Further, defendant had the opportunity to cross-examine a witness about the photographs.

Appeal by defendant from order entered 5 June 2009 by Judge Joseph N. Crosswhite in Watauga County Superior Court. Heard in the Court of Appeals 23 March 2010.

*di Santi, Watson, Capua, & Wilson, by Frank C. Wilson, III, for plaintiff-appellee.*

*Unti & Lumsden LLP, by Michael L. Unti, for defendant-appellant.*

GEER, Judge.

This appeal arises out of a dispute between plaintiff Accelerated Framing, Inc. and defendant Eagle Ridge Builders, Inc. over a contract to perform carpentry work on property located in Banner Elk, North Carolina. Eagle Ridge appeals from the trial court's award of damages to Accelerated Framing on its breach of contract claim, contending primarily that Accelerated Framing is not the real party in interest. The parties, however, stipulated at trial that they wished to consider the contract as being between Accelerated Framing and Eagle Ridge. Because Eagle Ridge never filed a motion to set aside that stipulation, it is binding and Accelerated Framing is the real party in interest.

## Facts

On 12 June 2008, Accelerated Framing brought a breach of contract claim against Eagle Ridge, seeking payment due for carpentry work Accelerated Framing performed on a log cabin that was being built by Eagle Ridge. Accelerated Framing also brought claims for a mechanic's lien and for recovery based on *quantum meruit.* Eagle Ridge subsequently counterclaimed for breach of contract. On 26 May 2009, a bench trial was held in Watauga County Superior Court. On 5 June 2009, the trial court entered an order making the following findings of fact.

On or about 29 January 2008, Accelerated Framing and Eagle Ridge entered into a written contract agreeing that Eagle Ridge would pay Accelerated Framing $14,100.00 in weekly draws for framing work on a log cabin. Accelerated Framing substantially completed the work under that contract and was paid $12,600.00.

On 7 May 2008, the parties entered into an oral contract in which Eagle Ridge agreed to pay Accelerated Framing $20,000.00 to complete the remaining work on the cabin. Under that oral contract, Accelerated Framing incurred costs for four weeks of work spent finishing and sanding the interior of the cabin. Eagle Ridge knew that

Accelerated Framing was working on the property at that time and provided the supplies needed to complete the work. Those supplies were stored in Accelerated Framing's storage trailer on the property.

Before Accelerated Framing could fully complete the work on the property, Eagle Ridge told Accelerated Framing not to return to the job site. The trial court found that "photographs taken on May 15 and introduced by the Plaintiff for illustrative purposes show the condition of the property and the work completed as of the time that the Plaintiff had substantially completed its work." The trial court found that, as a result of Eagle Ridge's ordering Accelerated Framing off the job site before the work was completed, Accelerated Framing suffered damages in the amount of $1,500.00 under the written contract and damages in the amount of $12,140.00 under the oral contract.

On the other hand, following the termination of the contract, Eagle Ridge incurred costs to complete some of the work not performed by Accelerated Framing under the oral contract. The trial court determined that, based on those costs, Eagle Ridge was entitled to an offset of $2,050.00 to be applied against Accelerated Framing's damages. The trial court then awarded Accelerated Framing damages of $11,590.00 plus interest at the legal rate running from 17 June 2008, with each party to bear its own costs. Eagle Ridge timely appealed to this Court.

I

[1] Eagle Ridge first contends that the trial court lacked subject matter jurisdiction over this action. Eagle Ridge asserts that Accelerated Framing was not a party to the contract because the contract was signed by Eagle Ridge and by David Gentry, in his individual capacity, even though he is also the President and owner of Accelerated Framing. Therefore, according to Eagle Ridge, Accelerated Framing was not the real party in interest and lacked standing to sue.

At trial, however, the parties stipulated that they wished to proceed as if the contract were between Accelerated Framing and Eagle Ridge. Plaintiff's counsel stated, without any objection by defendant: "We have agreed that although Mr. Gentry personally is on this contract[,] [w]e are going to consider it to be through this corporation. They are responsible for all liabilities and rights under that contract."

Eagle Ridge contends that the parties' stipulation was ineffective because subject matter jurisdiction cannot be waived. *See Reece v.*

*Forga,* 138 N.C. App. 703, 704, 531 S.E.2d 881, 882 ("A party may not waive jurisdiction, and a court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action *ex mero motu* when subject matter jurisdiction is lacking." (internal citation omitted)), *disc. review denied,* 352 N.C. 676, 545 S.E.2d 428 (2000). Eagle Ridge's sole basis for arguing that the trial court lacked subject matter jurisdiction is that Accelerated Framing, which did not sign the contract, is not the real party in interest.

Eagle Ridge has, however, overlooked Rule 17(a) of the North Carolina Rules of Civil Procedure, which provides:

> No action shall be dismissed on the ground that it is not prose-cuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of com-mencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

In *Lawrence v. Wetherington,* 108 N.C. App. 543, 547, 423 S.E.2d 829, 831 (1993), this Court, applying Rule 17, held that a real party in interest can ratify an action by stipulation. The plaintiffs, Russell and Evelyn Lawrence, doing business as Carolina Vinyl Siding, brought a breach of contract action against the defendants. *Id.* at 545, 423 S.E.2d at 830. When the defendants argued at trial that Carolina Vinyl Siding, the corporation with which they signed the contract, was a necessary and proper party, the parties stipulated that the plaintiffs' participation in the lawsuit would be binding on Carolina Vinyl Siding. *Id.* at 546-57, 423 S.E.2d at 831. The plaintiffs' attorney stated:

> "We would like to stipulate now that Russell Lawrence and Evelyn Lawrence, whether they are a corporation or individual doing business as that, they would all be bound by the decision in this case and that includes whether it is a corporation called . . . 'Carolina Vinyl Siding and Home Improvements, Inc.,' or 'Carolina Siding, Inc.' or 'Russell Lawrence and Evelyn Lawrence doing business as Carolina Siding.' "

*Id.* at 547, 423 S.E.2d at 831.

On appeal, the defendants in *Lawrence* contended that, because the plaintiffs' corporation was a necessary party to the case, no valid judgment could be .entered against the defendants arising out of a contract between them and the corporation without the corporation

being joined in the action. *Id.* at 546, 423 S.E.2d at 831. This Court rejected that argument, explaining that by the stipulation, "Carolina Vinyl Siding became a party plaintiff to this action by ratification." *Id.* at 547, 423 S.E.2d at 831.

Eagle Ridge's subject matter jurisdiction argument is controlled by *Lawrence.* Here, the parties, through their stipulation, agreed that Accelerated Framing was a party to the contract and, therefore, established that Accelerated Framing is the real party in interest. *See Blair v. Fairchilds,* 25 N.C. App. 416, 419, 213 S.E.2d 428, 430-31 ("Where facts are stipulated, they are deemed established as fully as if determined by the verdict of a jury."), *cert. denied,* 287 N.C. 464, 215 S.E.2d 622 (1975). Eagle Ridge never sought to set aside the stipulation. *See id.* at 419-20, 213 S.E.2d at 431 (explaining that party wishing to set aside stipulation should move to set it aside).

Moreover, Eagle Ridge admitted that Accelerated Framing is the real party in interest when it admitted in its answer that "plaintiff" (which was Accelerated Framing) and Eagle Ridge entered into the contract. Eagle Ridge also admitted that fact in its counterclaim when it alleged that "plaintiff" (identified as Accelerated Framing) breached its contract with Eagle Ridge. "Facts alleged in the complaint and admitted in the answer are conclusively established by the admission." *Harris v. Pembaur,* 84 N.C. App. 666, 670, 353 S.E.2d 673, 677 (1987).

Eagle Ridge also contends that Accelerated Framing cannot sue, in any event, because it is not authorized to do business in North Carolina. Eagle Ridge relies on N.C. Gen. Stat. § 55-15-02(a) (2009), which requires a foreign corporation transacting business in this state to obtain a certificate of authority before the trial of any proceeding brought in the state. That statute provides, however, that "[a]n issue arising under this subsection must be raised by motion and determined by the trial judge prior to trial." *Id.* As the record gives no indication that Eagle Ridge made such a motion, Eagle Ridge has waived this argument. *See also Spivey & Self, Inc. v. Highview Farms, Inc.,* 110 N.C. App. 719, 729, 431 S.E.2d 535, 541 (holding that because defendants failed to raise issue whether plaintiff foreign corporation had certificate of authority before trial, defendants waived right to object on that basis), *disc. review denied,* 334 N.C. 623, 435 S.E.2d 342 (1993).

II

[2] Eagle Ridge next contends that the trial court improperly relied upon photographs as substantive evidence when the photographs were admitted into evidence only for illustrative purposes. Under N.C. Gen. Stat. § 8-97 (2009), "[a]ny party may introduce a photograph, video tape, motion picture, X-ray or other photographic representation as substantive evidence upon laying a proper foundation and meeting other applicable evidentiary requirements. This section does not prohibit a party from introducing a photograph or other pictorial representation solely for the purpose of illustrating the testimony of a witness."

At trial, Accelerated Framing sought to introduce photographs purporting to show the work Accelerated Framing had completed on the house as of 15 May. 2008, the day it left the job site. The trial court said: "I will allow . . . the photographs for illustrative purposes." The trial court subsequently found, in its decision, that "photographs taken on May 15 and introduced by the Plaintiff for illustrative purposes show the condition of the property and the work completed as of the time that the Plaintiff had substantially completed its work."

We agree with Eagle Ridge that this finding of fact indicates that the trial court used the photographs as substantive evidence. We disagree with Eagle Ridge's contention, however, that the trial court, in this bench trial, had no authority to change its mind and consider the photographs as substantive evidence. Our Supreme Court has specifically held that, even in a jury trial, "[i]t is not error for a judge to change his ruling on the admissibility of evidence." *State v. Adcock*, 310 N.C. 1, 14, 310 S.E.2d 587, 595 (1984). Indeed, "a trial judge who determines that he has committed error during the course of a trial certainly should take whatever steps necessary to cure or correct a detected error. Curative action often precludes unnecessary and prolonged review by the appellate courts." *Id. See also* Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 20, at 87 (6th ed. 2004) ("A ruling [on the admissibility of evidence] is not necessarily final, even when not stated to be conditional, for the judge may strike out evidence theretofore admitted or admit evidence theretofore excluded."). Thus, the trial court, in this case, could properly revisit its prior evidentiary ruling and consider the photographs as substantive evidence and not just for illustrative purposes.

Mr. Gentry testified that the photographs depicted the job site and the work his company had completed as of the day they left the

job site. This testimony was sufficient to lay the necessary foundation for admission of the photographs. *See Horne v. Vassey*, 157 N.C. App. 681, 686, 579 S.E.2d 924, 927 (2003) ("In order for a photograph to be admitted into evidence, the accuracy of a photograph must be demonstrated by extrinsic evidence that the photograph is a true representation of the scene, object or person it purports to portray."); *Sellers v. CSX Transp., Inc.*, 102 N.C. App. 563, 565, 402 S.E.2d 872, 873 (1991) ("Photographs may be used as substantive evidence upon the laying of a proper foundation, and may be admitted when they are a fair and accurate portrayal of the place in question and are sufficiently authenticated." (internal citation omitted)).

Eagle Ridge made no argument at trial and does not argue on appeal that the foundation for admission of the photographs as substantive evidence was lacking. Instead, Eagle Ridge merely seeks to cast doubt on the credibility of Mr. Gentry's testimony that those pictures were in fact taken on 15 May 2008. The trial judge, in making a finding relying on those photographs, necessarily concluded that Mr. Gentry was telling the truth when he testified that the photographs were taken on 15 May 2008—a credibility determination properly made by the trial court.

Moreover, Eagle Ridge does not argue that it was unfairly prejudiced by the trial court's consideration of the photographs as substantive evidence. Eagle Ridge had the opportunity to and did cross-examine Mr. Gentry about the photographs and does not argue on appeal that it would have done anything different had it known the photographs were going to be considered as substantive evidence rather than just for illustrative purposes. In light of these circumstances, we affirm.

Affirmed.

Judges ELMORE and ERVIN concur.