IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-47

Filed: 5 July 2016

Forsyth County, No. 14 CVD 395

KING FA, LLC, Plaintiff,

v.

MING XEN CHEN, Defendant.

Appeal by Plaintiff from orders entered 13 May and 8 September 2015 by Judge Theodore Kazakos in Forsyth County District Court. Heard in the Court of Appeals 9 June 2016.

> *Scott Law Group, PLLC, by Harvey W. Barbee, Jr., for Plaintiff.*
>
> *Wake Forest University School of Law Community Law Clinic, by Prof. Steven M. Virgil, for Defendant.*

STEPHENS, Judge.

This appeal arises from a dispute between a landlord and his tenants concerning, *inter alia*, which party was responsible for making and paying for necessary repairs under the terms of a commercial lease for a restaurant space. Because the notice of appeal filed in this matter does not comply with the requirements of Rule of Appellate Procedure 3, we lack jurisdiction to hear this appeal and must dismiss it.

*Factual and Procedural History*

On 11 October 2013, Saungor Tse and Nap Kin Cheung (collectively, "the tenants") entered into a commercial lease with Defendant Ming Xen Chen for use of certain premises on Randolph Street in Thomasville which the parties intended would be operated as the Mandarin Express restaurant. Before signing the lease, Tse had inspected the building on the premises and Chen informed her about past issues with the roof leaking. However, the lease was silent regarding Chen's responsibility to fix the roof or make any other repairs during the term of the lease. In December 2013, Tse hired a contractor to undertake repairs on the roof at a cost of $1,000. Tse then offset this expense by reducing her January 2014 rental payment to Chen by $1,000. The contractor's repair was inadequate, however, and the restaurant's roof continued to leak. On 21 January 2014, King Fa, LLC ("the LLC") filed a complaint against Chen in Forsyth County District Court alleging breach of contract and breach of the covenant of quiet enjoyment. The LLC is a North Carolina limited liability company organized on 16 October 2013 with the tenants as its only members. The complaint alleged, *inter alia*, that Chen failed to fix the roof leak and to undertake other repairs to the restaurant, and also that Chen requested a review by the health department in hopes that the restaurant would be closed down.[1] On 20 March 2014, the LLC filed an amended complaint asserting the same claims and alleging substantially the same facts.

---

[1] Following a health department inspection on 20 February 2014, the restaurant was ordered closed.

In his motion to dismiss and answer filed 22 May 2014, Chen moved to dismiss the amended complaint on the basis that the LLC was not a real party in interest as to the lease and thus lacked standing to bring the action. On 26 September 2014, Chen filed a motion for leave to file an amended answer and counterclaim, alleging breach of the lease by nonpayment of rent. In his motion, Chen again asserted that the tenants were the real parties in interest regarding the lease, but expressed concern that if the court determined instead that the LLC was the real party in interest, Chen would be barred from later bringing his compulsory counterclaim for breach of contract. On 9 October 2014, the LLC filed a motion in opposition to Chen's motion to dismiss in which it argued that the LLC was a real party in interest and, in the alternative, moved to substitute the tenants as plaintiffs if the trial court determined that the LLC was not the real party in interest.

The matter came on for trial on 4 February 2015 in Forsyth County District Court, the Honorable Theodore Kazakos, Judge presiding. At that time, the court reserved judgment to allow the parties to file memoranda on their claims and counterclaim. On 12 February 2015, the LLC moved to amend its amended complaint to add claims for constructive eviction and conversion of personal property. The parties apparently appeared again before the trial court on 6 April 2015 to present further arguments, although the only transcript in the record on appeal is from the 4 February 2015 hearing. On 13 May 2015, the court entered an order ("the final

order") that, *inter alia*, (1) allowed the tenants[2] to amend their amended complaint to add a claim for constructive eviction, but denied their request to add a claim for conversion; (2) otherwise ruled against the tenants on their claims against Chen for constructive eviction, breach of contract, and breach of the covenant of quiet enjoyment; and (3) decreed that the tenants breached the lease, awarding Chen damages in the amount of $1,800. The final order includes findings of fact that Chen moved to dismiss the LLC's complaint and that the LLC filed a motion opposing the motion to dismiss or in the alternative to substitute parties, but does not contain any ruling regarding either of those motions.

On 18 June 2015, the LLC moved for amended findings of fact and to set aside the final order pursuant to Rule of Civil Procedure 60(b). In that motion, the LLC's counsel explained the following: that he had reviewed the proposed order drafted by Chen's counsel and had requested certain changes to the findings of fact. Some of the changes were made by Chen's counsel and the amended proposed order was again sent to the LLC for review. The LLC requested additional revisions, but Chen's

---

[2] The final order, which was prepared by a third-year student at Wake Forest University School of Law practicing under the supervision of Chen's trial counsel, a law school professor, is captioned "Saungor Tse and Nap Kin Cheung, Plaintiffs, v. Ming Xen Chen, Defendant/Counterplaintiff[.]" Accordingly, although as discussed in detail later in this opinion, the complaint was brought by the LLC, we use the term "the tenants" here. The final order is the only filing in the record on appeal that lists the tenants as the plaintiffs in this matter, other than a small claims court complaint for money owed filed in Davidson County by Chen against Tse on 8 January 2014 and the order dismissing that complaint on 10 April 2014. Further, much if not all of the post-trial communication between the parties' trial counsel involved the student on behalf of Chen's licensed attorney. However, for ease of reading, we hereafter refer to both the student and his supervising attorney as "Chen's counsel."

counsel submitted the amended proposed order to the court without the LLC's consent. The court then signed the amended proposed order and filed it as the final order on 13 May 2015. Following a hearing on the LLC's motion at the 25 June 2015 session of Forsyth County District Court, the court entered an "Order Amending Findings of Fact" on 8 September 2015 ("the amended order"). The amended order noted that the LLC had withdrawn its Rule 60 motion and also ordered that the final order be amended to clarify portions of two of its findings of fact.

On 24 September 2015, the LLC filed written notice of appeal from the final order entered 13 May 2015 and from the amended order entered 8 September 2015. On 5 October 2015, Chen also filed a written notice of appeal from both orders. However, Chen did not include any proposed issues on appeal in the record before this Court and brings forward no appellant's arguments on appeal, having filed only an appellee's brief. Accordingly, Chen has waived any appellate review arising from his notice of appeal. *See* N.C.R. App. P. 28(a).

*Standing*

Chen first argues that this appeal must be dismissed for lack of standing by the LLC to bring forward this appeal. Essentially, Chen contends that the LLC lacks standing to bring this appeal because the correct plaintiffs in the matter are the tenants, who, Chen notes, were the named plaintiffs in the final order drafted by his counsel. We agree, but before addressing Chen's argument regarding standing to

bring this appeal, we first consider the LLC's standing to bring this action in the trial court.

Standing refers to "a party's right to have a court decide the merits of a dispute[,]" and provides the courts of this State subject matter jurisdiction to hear a party's claims. *Teague v. Bayer AG*, 195 N.C. App. 18, 23, 671 S.E.2d 550, 554 (citation and internal quotation marks omitted), *disc. review denied*, 363 N.C. 381, __ S.E.2d __ (2009). "As a general matter, the North Carolina Constitution confers standing on those who suffer harm: All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law . . . ." *Mangum v. Raleigh Bd. of Adjustment*, 362 N.C. 640, 642, 669 S.E.2d 279, 281-82 (2008) (citation, internal quotation marks, and brackets omitted). However, our General Statutes also mandate that "[e]very claim shall be prosecuted *in the name of the real party in interest . . . .*" N.C. Gen. Stat. § 1A-1, Rule 17(a) (2015) (emphasis added). In the context of a breach of contract claim, the parties who *execute* an agreement are real parties in interest and have standing to sue.[3] *See, e.g.*, *Accelerated Framing, Inc. v. Eagle Ridge Builders, Inc.*, 207 N.C. App. 722, 724, 701 S.E.2d 280, 283 (2010).

---

[3] In addition, while not pertinent to this matter, "an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the State so provides, an action for the use or benefit of another shall be brought in the name of the State of North Carolina." N.C. Gen. Stat. § 1A-1, Rule 17(a).

As noted *supra*, the original and amended complaints in this matter were filed by the LLC, although the LLC did not execute and was not a party to the lease. While the tenants are the only two members of the LLC, the tenants signed the lease in their individual capacities and not on behalf of the LLC as evidenced by the fact that the LLC was not organized, and thus did not exist, until five days *after* the lease was signed. In addition, while "[a]n action arising out of contract generally can be assigned[,]" *see, e.g.*, *Horton v. New S. Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 858 (citation and internal quotation marks omitted), *disc. review and cert. denied*, 343 N.C. 511, 472 S.E.2d 8 (1996), nothing in the record before this Court indicates that the tenants ever assigned their rights or claims under the lease to the LLC.

However, Rule 17 further provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for *ratification of commencement of the action by, or joinder or substitution of*, the real party in interest . . . .

N.C. Gen. Stat. § 1A-1, Rule 17(a) (emphasis added). Here, as discussed *supra*, the LLC filed a motion seeking substitution of the tenants for the LLC in the event that the trial court determined that the LLC was not a real party in interest. However, nothing in the record on appeal indicates that the trial court ever ruled on either Chen's motion to dismiss or on the LLC's alternative motion to substitute parties.

Given the court's eventual entry of the final order and amended order, it obviously did not grant Chen's motion to dismiss for lack of standing. Further, with the exception of its reply to Chen's counterclaim filed 19 November 2014, the LLC designated itself, and not the tenants, as the plaintiff in all filings in file number 14 CVD 395, including the notice of appeal to this Court. This suggests that the LLC did not believe that the tenants were ever joined or substituted as plaintiffs by the trial court.

However, "Rule 17(a) [also] permits the real party in interest to ratify the action after its commencement and to have the ratification relate back to the commencement." *Burcl v. N.C. Baptist Hosp., Inc.*, 306 N.C. 214, 230, 293 S.E.2d 85, 95 (1982). "Ratification is defined as the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." *Bell Atl. Tricon Leasing Corp. v. DRR, Inc.*, 114 N.C. App. 771, 776, 443 S.E.2d 374, 377 (1994) (citation and internal quotation marks omitted). "Ratification may be express or implied, and intent may be inferred from failure to repudiate an unauthorized act or from conduct on the part of the principal which is inconsistent with any other position than intent to adopt the act." *Id.* at 776-77, 443 S.E.2d at 377 (citation, internal quotation marks, and ellipsis omitted). Here, although the real parties in interest—the tenants—did not *explicitly* ratify commencement of the action as is the

more common practice under Rule 17(a), *see, e.g.*, *S. R. Co. v. O'Boyle Tank Lines, Inc.*, 70 N.C. App. 1, 8-9, 318 S.E.2d 872, 876 (1984) (holding that real parties in interest had ratified the action under 17(a) where they "indicated in writing that they agreed to be made parties, that they ratified and adopted the proceedings up to that point[,] and that they agreed to be bound by the judgment in the case"), we hold that the tenants' actions in the trial court, to wit, seeking substitution, failing to repudiate the action, and participating actively in the prosecution of the matter, constituted an implicit ratification of the action such that they agreed to be bound by the proceeding. Thus, the trial court had subject matter jurisdiction over the matter.

However, we agree with Chen's contention that, because "[n]o legally protected interest belonging to [the] LLC is implicated by" the final order or the amended order, the LLC cannot show an injury and has no right of appeal. Essentially, Chen's argument is that the LLC is not a "party aggrieved" by the final order or the amended order. Only a "party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal." N.C.R. App. P. 3(a). In turn, our General Statues provide that "[a]*ny party aggrieved* may appeal . . . ." N.C. Gen. Stat. § 1-271 (2015) (emphasis added). "A 'party aggrieved' is one whose legal rights have been denied or directly and injuriously affected by the action of the trial court." *Selective Ins. Co. v. Mid-Carolina Insulation Co.*, 126 N.C. App. 217, 219, 484 S.E.2d 443, 445 (1997) (citations omitted). As

discussed *supra,* the LLC was not a party to the lease and thus had no legal rights or obligations related thereto. Likewise, the LLC, despite its name appearing in the caption of most of the documents in this matter, is in no way aggrieved by the final order or the amended order, each of which affects the legal rights only of the real parties in interest in this matter—the tenants.

Rule of Appellate Procedure 3 further specifies that "the notice of appeal required to be filed and served by subsection (a) of this rule *shall specify the party or parties taking the appeal . . . .*" N.C.R. App. P. 3(d) (emphasis added). The notice of appeal states that the appeal is being taken by "King Fa, LLC," and neither of the tenants is named in it.[4] "Without proper notice of appeal, this Court acquires no jurisdiction." *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (citation and internal quotation marks omitted). "A jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008); *see also Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 563-64, 402 S.E.2d 407, 408 (1991) (*per curiam*) ("If the [notice of appeal] requirements of [Rule 3 of the North Carolina Rules of Appellate Procedure] are not met, the appeal must be dismissed."). Accordingly, this appeal is

---

[4] Recognizing the apparent deficiency of the notice of appeal, on 5 April 2016, counsel for the LLC filed in this Court a "Motion to Substitute Parties in the Alternative[,]" which was denied by order entered 19 April 2016.

DISMISSED.

Judges McCULLOUGH and ZACHARY concur.