An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-40

Filed 7 January 2026

Edgecombe County, No. 22CVS000007-320

MARITIME ADVISORS, LLC (formerly MARINE INDUSTRY ADVISORS, LLC), Plaintiff,

v.

HC COMPOSITES, LLC, Defendant.

Appeal by plaintiff from order entered 24 June 2024 by Judge Timothy W. Wilson in Edgecombe County Superior Court. Heard in the Court of Appeals 13 August 2025.

> *Pritchett & Burch, PLLC, by Lloyd C. "Clif" Smith, III, for plaintiff-appellant.*

> *Bryant Duke Paris III PLLC, by Bryant Duke Paris III; and Scialdone Law Firm, by Katherine Walton Halliday, for defendant-appellee.*

FLOOD, Judge.

Plaintiff Maritime Advisors, LLC appeals from the trial court's order granting Defendant HC Composites, LLC's motion to dismiss, and denying Plaintiff's motion to amend for substitution or alternatively for joinder of a proper plaintiff (hereinafter Plaintiff's "motion to substitute"). On appeal, Plaintiff argues that the trial court

erred in failing to grant Plaintiff's motion to substitute Marine Industry Advisors, LLC ("MIA") as the "real party in interest" pursuant to Rule 17 of the North Carolina Rules of Civil Procedure. Upon review, we conclude the notice of appeal was improper, and we dismiss.

## I. **Factual and Procedural Background**

On 31 October 2011, MIA was organized under the laws of the Commonwealth of Massachusetts, and Henry Chris Lufkin was listed as the sole managing member of the limited liability company ("LLC"). On 30 June 2016, MIA was involuntarily dissolved. On 26 July 2018, MIA and Defendant entered into a contract titled "Authorized Sales Representation Agreement" (the "Agreement"), which concerned boat sales. MIA and Defendant entered into the Agreement more than two years after MIA was involuntarily dissolved. On 21 October 2018, Plaintiff was formed under the laws of the Commonwealth of Massachusetts as "Maritime Advisors, LLC[,]" and Lufkin was listed as the sole managing member. On 30 June 2021, Plaintiff was also involuntarily dissolved. Plaintiff and MIA had never merged and remained separate entities. Plaintiff's caption in this case is "Maritime Advisors, LLC (formerly Marine Industry Advisors, LLC)"; Plaintiff, however, is a distinct entity from Marine Industry Advisors, LLC.

On 4 January 2022, several months following its dissolution, Plaintiff filed a complaint for breach of contract and quantum meruit against Defendant, alleging Defendant breached the Agreement. On 11 March 2024, Defendant filed a motion to

dismiss, arguing Plaintiff lacked standing to file its complaint, and the trial court therefore lacked subject matter jurisdiction. On 25 March 2024, Plaintiff filed its motion to substitute, seeking to substitute or join MIA on the basis that, as of 22 March 2024, MIA had been reinstated. On 24 June 2024, the trial court entered an order granting Defendant's motion to dismiss and denying Plaintiff's motion to substitute. Plaintiff timely appealed.

## II. <u>Analysis</u>

North Carolina Rule of Appellate Procedure Rule 3 provides that "[a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court . . . ." N.C. R. App. P. 3(a). "Without proper notice of appeal, this Court acquires no jurisdiction." *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156 (1990) (citation omitted). A "jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197 (2008); *see also Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 563 (1991) (holding Rule 3 is jurisdictional). Thus, "[i]f the requirements of this Rule are not met, the appeal must be dismissed." *Crowell Constructors, Inc*, 328 N.C. at 563.

Rule 3 allows only a "party entitled by law to appeal from a judgment or order" to "take [an] appeal[,]" *see* N.C. R. App. P. 3(a), and our General Statutes specify that "[a]ny party aggrieved may appeal[,]" *see* N.C.G.S. § 1-271 (2023). We have explained

- 3 -

that a party is "aggrieved" when its "legal rights have been denied or directly and injuriously affected by the action of the trial court." *King Fa, LLC v. Ming Xen Chen*, 248 N.C. App. 221, 226 (2016) (citation omitted).

In *King Fa*, an LLC appealed an order affecting a lease the tenants had signed but the LLC had not. *Id.* at 222–24. The trial court had jurisdiction because the tenants implicitly ratified the action by participating in the proceedings. *Id.* at 226. But the LLC "had no legal rights or obligations" under the lease, so it was "in no way aggrieved by the final order." *Id.* at 226–27. On appeal, we held that because the notice of appeal named only the LLC, and not the tenants—which were "the real parties in interest"— the notice of appeal violated Rule 3(d), which requires the notice of appeal to "specify the party or parties taking the appeal." *Id.* (quoting N.C. R. App. P. 3(d)). "Without proper notice of appeal," we explained, "this Court acquires no jurisdiction." *Id.* at 227. We therefore dismissed the appeal. *Id.*

Like the LLC in *King Fa*, Plaintiff never signed the Agreement in dispute here. The trial court's unchallenged findings show that MIA signed the Agreement in July 2018—nearly three months before Plaintiff was even formed and more than two years after MIA had been dissolved. Plaintiff is an "entirely new and separate entity" from MIA and is "not mention[ed]" in the Agreement. These unchallenged findings are "supported by competent evidence[,]" and thus "binding" on appeal. *Bassiri v. Pilling*, 287 N.C. App. 538, 544 (2023) (citation omitted). Because Plaintiff never signed the Agreement, it "had no legal rights or obligations" under it and thus is "in no way

aggrieved" by the trial court's order. *King Fa*, 248 N.C. App. at 226–27. Further, Plaintiff—the sole entity that filed the notice of appeal—was administratively dissolved by Massachusetts in 2021, was never reinstated, and thus no longer exists. And although MIA was reinstated years after this complaint was filed, even if MIA's reinstatement retroactively restored its rights under the Agreement, as Plaintiff contends, only MIA could be aggrieved by the trial court's order, yet it did not file a notice of appeal.

Although the notice of appeal names the plaintiff as "Maritime Advisors, LLC (formerly Marine Industry Advisors, LLC)," that parenthetical is wrong, as they are separate entities that never merged, and the case caption—as Plaintiff's counsel acknowledged—was based on a "mistaken belief that [MIA] had merged with [Plaintiff]." As Plaintiff is not an aggrieved party, and the notice of appeal does not name the party that is, we lack jurisdiction, *see* N.C. R. App. P. 3(d), and dismiss this appeal, *see Crowell Constructors, Inc*, 328 N.C. at 563.

DISMISSED.

Judges STROUD and FREEMAN concur.

Report per Rule 30(e).